REID, Judge.
This is a suit involving the interpretation of a Last Will and Testament of Joseph William Davis, who is alleged to have died on October 7, 1963. The proponent, Miss Cortez Camp, filed, on October 16, 1963, a petition to probate the said Last Will of the decedent Joseph William Davis, and attached thereto a hand written document purported to be the Last Will and Testament of the decedent, made in olographic form and sought to have it probated.
The opponents, being the surviving children and sole heirs of the decedent, namely, William Harvey Davis, Mrs. Inez Davis McCall, Clay S. Davis, and Wyatt Easter-ling Davis, objected to the probate and asked that it be restricted to the property bearing Municipal No. 818 West Third Street, being Lot 10 of Block 2 óf the City of Bogalusa, Louisiana.
The Judge of the Lower Court granted the probate of the Will and restricted the bequest in the Will to Miss Camp to Lot 10, Block 2 of the Pleasant Valley Addition to the City of Bogalusa, being the property known as 818 West Third Street, Bogalusa, Louisiana.
From this portion of the judgment Miss Cortez Camp brought this appeal.
By stipulation entered into the record only the Last Will, and the Reasons for Judgment of the Trial Judge, the Judgment, the Appeal Bond and the stipulations for the preparation of the transcript were filed in the record, together with the Minutes of the Court.
The stipulation states that the written reasons for judgment filed by the Trial Judge contained a true and correct narrative of the facts as applicable to the portion *482 of this judgment which' has been appealed herefrom. We, therefore, are going to quote from the Judge’s written reasons for judgment as follows:
“REASONS FOR JUDGMENT
The decedent, J. W. Davis left the following will:
T will
Bogalusa, La.
February 14, 1961
To my children or whom it may concern:
I will my home at 818 West 3rd St. BogalusaLa to Miss Cortez Camp J. W. Davis’
The facts in this case reveal the following:
Mr. Davis bought Lot 10 in Block 2 on January 24, 1917, and constructed the house now known as 818 West Third Street on that lot. On September 18, 1922, he acquired Lot 11 and the West half of Lot 12 of Block 2, which adjoin Lot 10. On December 4, 1924, he acquired Lots 1 through 9 of Block 2, which are to the rear of Lots 10, 11 and 12, and separated therefrom by a public alley. Lot 10 has a front of 48 feet on West Third Street, a depth of ISO feet, and a width in the rear of 29.3 feet. Lot 11 has the same dimensions. The West half of Lot 12 fronts 25 feet on the West Third Street, and runs back between parallel lines to the same depth as Lots 10 and 11. All three lots front on a public alley in the rear. Subsequent to his acquisition of Lot 11 and the West half of Lot 12, Mr. Davis incorporated this property within the yard of his house. Miss Camp, the legatee under the will quoted above, claims that the bequest includes Lots 10 and 11, and West half of Lot 12.
The heirs of Mr. Davis claim that only Lot 10 is included in the bequest. The only other fact before the Court, is that, prior to the death of J. W. Davis, and while Cortez Camp was residing in the house situated on Lot 10, she negotiated with Mr. Davis relative to the purchase by her of Lot 11 and the West half of Lot 12. It was her intention to build thereon, but it was stipulated that she would testify that she abandoned the idea because she felt that Lot 11 and the West half of Lot 12 were too small to be used as a home site. * * * ”
The appellant argues that the intention of the testator was to include the entire home site and should include the adjoining Lot 11 and West one-half of Lot 12 as being the home site of the decedent. Mr. Davis bought Lot 10 Block 2 some five years before he purchased the other two lots and built the house on it, now known as 818 West Third Street. Prior to the death of Mr. Davis Miss Camp was residing in the house located on Lot 10 and attempted to purchase the remaining lots from Mr. Davis on which she intended to build, but abandoned the proposition.
In view of the agreed statement of facts by the Trial Judge that decedent, Mr. Davis, had incorporated Lots 11 and W 54 of Lot 12 within the yard of his house, we conclude that in bequeathing his “home” at 818 West Third Street, Bogalusa, Louisiana to Miss Cortez Camp he wanted to include the home property, consisting of Lots 10, 11 and W 54 of Lot 12. This was what he considered his home, consisting of his dwelling and the yard enclosed around it.
In interpreting Wills, the intention of the decedent must be ascertained. LSA-C.C. 1712, 1713. In arriving at the intention of the testator we believe the Succession of Williams, 132 La. 865, 61 So. 852, is in point. This case holds as follows:
“Generally the word ‘farm’ includes all the land which forms part of the tract. The farm may be made of several connected parcels under one con *483 trol, and the testator who devises his farm devises not a part of the farm but. the whole farm. In re Drake (D.C.) 114 F. 229, 231; G.W.D. Goodtitle v. Paul, 2 Burroughs 1089-1094.”
See also Succession of Jung, 13 Orleans App. 456.
The Supreme Court of our sister State of Alabama in De Mouy v. Jepson, 255 Ala. 337, 51 So.2d 506, after saying the primary concern was to ascertain the intention of the testator said:
“The word ‘home’ as here used certainly did not mean that Mrs. Jepson should only receive the house and the land on which it is situated, but meant that she should receive the house and the curtilage thereof, viz., her ‘home’ where she lived and the grounds used in connection therewith. Black’s Law Dictionary defines curtilage as a ‘space’, necessary and convenient and habitually used for the family purposes, and the carrying on of domestic employments.”
The case of Jones v. Holloway, 183 Md. 40, 36 A.2d 551, 552, 152 A.L.R. 933, quoting from 2 Jarmon on Wills 7th Ed. 1261, 1262 held:
But it is not overlooked that the word ‘home’ has a broader meaning than ‘house.’ Ordinarily, the device of a home includes not only the dwelling house, hut the entire residence estate. In determining whether certain appurtenances pass with a home under a device, the use to which they were put in the testator’s lifetime are considered important circumstances. Usually the person to whom a house is devised can claim all appurtenances which are customarily enjoyed by the occupant and which tend to make it a convenient and agreeable place of abode or business. If the devisee himself lived there and enjoyed certain appurtenances, then the inefrence is especially strong that the testator intended him to continue to enjoy these appurtenances.”
Applying these rules to the case at bar, we conclude that the intention of" the testator was to bequeath to legatee the entire home site, consisting of the two and one-half lots included therein.
For these reasons it is ordered that the judgment of the Lower Court be reversed and judgment rendered herein in favor of the proponent-appellant and against the opponent-appellee, decreeing that the bequest contained in the Last Will and Testament of the testator, Joseph William Davis to Cortez Camp “my home at 818 West 3rd Street, Bogalusa, Louisiana” be decreed to encompass Lots 10, 11, and West half of Lot 12, of Pleasant Valley Addition to the City of Bogalusa, Louisiana, and all costs of this appeal, and the hand writing expert’s fees as fixed by the Court to be borne by the opponents-appellees.
Reversed and rendered.